JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

G.A.

**DEFENDANTS**

Meg Snead, Val Arkoosh, Alexa Burgos Lebron, Rachel Lewis, Chester Co. Dept. CYF, Chester Co.

**(b)** County of Residence of First Listed Plaintiff    Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

O'Hanlon Schwartz, P.C., 1500 JFK Blvd., Ste 1410, Phila. PA 19102. 267.546.9066.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

|   |   |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☒ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983

Brief description of cause:
Fourteenth Amendment violations

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
3,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
1/11/2024

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| G.A., an adult individual, | **CIVIL ACTION** |
| *Plaintiff*, | |
| *v.* | **NO. 24-141** |
| **MEG SNEAD** | **JURY TRIAL DEMANDED** |
| **In her official capacity only as Secretary of the Commonwealth of Pennsylvania Department of Public Welfare** | |
| -and | |
| **DR. VAL ARKOOSH** **In her official capacity only as Secretary of the Commonwealth of Pennsylvania Department of Public Welfare** | |
| -and- | |
| **ALEXA BURGOS LEBRON** **Individually in her personal capacity And in her official capacity as an agent or employee of the Chester County Department of Children, Youth, and Families** | |
| -and- | |
| **RACHEL LEWIS** **Individually in her personal capacity And in her official capacity as an agent or supervisor or employee of the Chester County Department of Children, Youth, and Families** | |
| -and- | |
| **CHESTER COUNTY DEPARTMENT OF CHILDREN, YOUTH, AND FAMILIES** | |
| -and- | |
| **CHESTER COUNTY,** | |
| *Defendants.* | |

## COMPLAINT AND JURY DEMAND

### PARTIES

1.      Plaintiff, G.A., is an adult individual who maintains a principal residence in New London Township, Chester County, Pennsylvania.

2.      Plaintiff is the natural father and was a legal guardian of three minor children, including A.A. ("Complainant"), of whom he shared legal custody with C.W., the children's mother.

3.      Defendant, Meg Snead, is an adult individual who served as the acting Secretary of the Commonwealth of Pennsylvania Department of Public Welfare from April 2021 until January 2023.

4.      Defendant, Dr. Val Arkoosh, is an adult individual who serves as the Secretary of the Commonwealth of Pennsylvania Department of Public Welfare.

5.      Defendant Alexa Burgos Lebron ("Defendant Burgos Lebron") is an adult individual who was at all times relevant hereto a caseworker specialist employed by Defendant Chester County Department of Children, Youth, and Families ("Defendant CYF") and defendant Chester County.  The business address of this Defendant is 601 Westtown Road, Suite 310, West Chester, PA 19380.

6.      Defendant Rachel Lewis ("Defendant Lewis") is an adult individual who was at all times relevant hereto a licensed clinical social worker who maintains a primary business address at 601 Westtown Road, Suite 310, West Chester, PA 19380, and was at all times relevant hereto an authorized agent/supervisor or employee of Defendant CYF and Defendant Chester County.

7.      Defendant Chester County Department of Children, Youth, and Families ("Defendant CYF") is an agency of Chester County, Pennsylvania, formed pursuant to Pennsylvania's Child Protective Services Law ("CPSL"), 23 Pa. C.S. §§ 6301-6385, and

2

maintains a principal office at 601 Westtown Road, Suite 310, West Chester, PA 19380.

8.     Defendant Chester County is a political subdivision of the Commonwealth of Pennsylvania, and is the direct policy-making entity supervising and managing the actions of Defendant CYF.

### JURISDICTION AND VENUE

9.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343, conferring original jurisdiction upon the various district courts of the United States for civil actions authorized by law to be commenced by any person to recover damages and to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including conspiracies in violation thereof. This suit is authorized pursuant to 42 U.S.C.A. § 1983. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C.A. § 1988.

10.    Jurisdiction to grant declaratory judgment is conferred upon this Court by 28 U.S.C.A. §§ 2201-2202. Injunctive relief is recognized by Federal Rule of Civil Procedure 65.

11.    Supplemental jurisdiction over the state law claims is founded upon 28 U.S.C.A. §1367.

12.    Venue is proper in this Court under 28 U.S.C.A. § 1391(b) because the Eastern District of Pennsylvania is the district in which a substantial part of the events or omissions giving rise to the claim occurred.

### FACTUAL ALLEGATIONS

### PENNSYLVANIA'S "INDICATED" ABUSE REPORTING LAWS

13.    Pennsylvania's *Child Protective Services Law*, Act of December 19, 1990, No. 206, P.L. 1240, 23 Pa. C.S. §§ 6301-6386 ("CPSL"), mandates that the Pennsylvania Department of Public Welfare ("DPW") maintain a "[s]tatewide central register of child abuse which shall consist of founded and indicated reports." 23 Pa. C.S. § 6331(3).

14.     An "indicated report" under the CPSL is an executive agency declaration that "substantial evidence" exists to support an allegation of abuse against an individual accused of child abuse based on 1) medical evidence, 2) a child protective service investigation, or 3) admission of acts of abuse by a perpetrator. 23 Pa. C.S.A. § 6303.

15.     "Substantial evidence" is defined by Pennsylvania law as evidence that outweighs inconsistent evidence and which a reasonable person would accept as adequate to support a conclusion. *Id.*

16.     Local family service agencies are required by Pennsylvania law to submit a document known as Form CY-48 to the statewide ChildLine registry to report the results of investigations of claims of child abuse. 23 Pa. C.S. § 6367(a); 55 Pa. Code § 3490.67(a). See also 23 Pa. C.S. § 6313 (local child protective services agency may report abuse as "indicated," "founded" or "unfounded.").

17.     No prior judicial or administrative hearing is required, or even permitted, under Pennsylvania law before an indicated report of abuse is accepted by DPW and the name of the individual accused of child abuse entered onto the statewide ChildLine abuse registry.

18.     Pennsylvania law denies to an individual accused of child abuse a hearing at a meaningful time following the filing of an indicated report of abuse with the ChildLine registry.

19.     An individual branded as a perpetrator of "indicated" abuse by the filing of an indicated report must take affirmative administrative action to seek expungement of his or her indicated record if he or she has been unjustly accused of abuse. 23 Pa. C.S. § 6341.

20.     The accused must first request that the Secretary of the Pennsylvania Department of Public Welfare amend or expunge the report of indicated abuse. 23 Pa. C.S. § 6341(a)(2).

21.     If the Secretary refuses to act within thirty (30) days of request, the individual

accused of child abuse may file an administrative appeal to the Secretary or his or her designee. 23 Pa. C.S. § 6341(b).

22.     Following hearing before the Secretary or an administrative law judge as designee, a recommendation is issued for disposition of the request for expunction of the record. 23 Pa. C.S. § 6341(c).

23.     After recommendation, the Office of Hearings & Appeals issues a final disposition order. 55 Pa. Code § 275.4(h).

24.     The customary time delay between the filing of an indicated report of abuse and final expungement is approximately six (6) months but it has taken over two years for Plaintiff.

### DEFENDANT CYF FILES INDICATED REPORT AGAINST PLAINTIFF

25.     On or about August 5, 2020, Defendant CYF, through its authorized agent or employee, Defendant Burgos Lebron, transmitted to DPW a Form CY-48 that named Plaintiff as an "indicated" perpetrator of child abuse and Plaintiff was placed on a Statewide Child Abuse Register.

26.     As a result of Defendant Burgos Lebron's submission of the Form CY-48 to DPW, Plaintiff was registered as a child abuser on the ChildLine registry and suffered immediate civil disabilities, including impairment of his right to obtain alternate employment and career-ascending employment such as moving into a higher administrative position at a college or university and there were significant limitations in the education and child care professions and subsequent obstacles in his attempt to have normal custodial relations with all three of his children.

27.     Subsequent to an appellate hearing in Philadelphia which was convened on September 7 and September 8 of 2022, on or about September 21, 2022, Defendant CYF notified the Secretary's designated administrative law judge, The Honorable Barbara Shadie Nause, that

it would not pursue a case or appeal against Plaintiff to support the indicated report that it had filed against Plaintiff.

28.     Judge Shadie Nause, an administrative law judge, then issued a recommendation on or about September 29, 2022 that Plaintiff's record be expunged because Defendant "CYF was unable to provide substantial evidence and filed a notice of non-pursuit, the appeal sustained and record to be expunged."   Defendant CYF withdrew its opposition to Plaintiff's appeal based upon the testimony of only the Complainant and her mother at the appeal hearing.   This testimony was wholly non-credible and has always been so because, *inter alia*, a neuropsychological evaluation conducted on February 12, 2019 indicated nothing regarding sexual abuse, Complainant suffered from multiple mental health conditions and was prescribed multiple psychological medications, and Complainant's mother sought to manipulate Complainant and other circumstances for her benefit.

29.     The recommendation of Judge Shadie Nause was subsequently adopted.

30.     Plaintiff was finally notified that the indicated report of abuse had been expunged as of February 8, 2023.

## THE DEFENDANT CYF'S INVESTIGATION OF ALLEGED ABUSE

31.     In the course of DPW's investigation of Plaintiff, Defendants Burgos Lebron, Lewis, and CYF did not have reasonable cause to pursue an investigation against Plaintiff.

32.     In the course of investigation, Defendant Burgos Lebron acted in concert and consultation with Defendant Lewis in investigatory actions leading up to the filing of the unsubstantiated indicated report of abuse against Plaintiff.

33.     In the course of investigation Defendants Burgos Lebron, Lewis, and CYF did not have substantial evidence to support the filing of an indicated report with DPW.

34.     Despite such lack of sufficient evidentiary support, Defendant Burgos Lebron

filed an indicated report of abuse that named Plaintiff as a perpetrator.

35.      The actions of Defendants Burgos Lebron and Lewis were in accordance with the custom and policy of Defendant CYF and Defendant Chester County, both of which entities are the policy-making entities under which Defendants Burgos Lebron and Lewis work.

36.      Defendants Burgos Lebron and Lewis did not have reasonable cause to believe that substantial evidence existed to support her filing of an indicated report of abuse with DPW.

37.      Prior to the filing of the indicated report, there was a neuropsychological evaluation conducted on February 12, 2019.  There was no indication of sexual abuse among the extensive discussion of Complainant's psychological history and ongoing issues.  This is despite the fact that Complainant had been under treatment with more than ten mental health professionals between 2017 and 2020 with no mention of sexual abuse prior to instant matter, which all Defendants knew and all Defendants knew that Complainant's mother played a significant role.    All Defendants were aware of these evaluations but they were ignored by all Defendants.

38.      Defendant CYF and Defendant Chester County have failed to train employees, including Defendants Burgos Lebron and Lewis, in the proper investigation and evaluation of an allegation of child abuse.

39.      Defendant Burgos Lebron indicated on August 5, 2020 that there was "substantial evidence of abuse."  This is despite a Risk Assessment Narrative a few days later of August 11, 2020 stating that "[t]here are no current concerns for [Complainant's] safety which in the care of [Plaintiff]."

40.      Defendants Burgos Lebron and Lewis referred the matter to the State Police on or about June 26, 2020 and Trooper Kevin M. Sterling interviewed Plaintiff.  Plaintiff denied the allegations multiple times, there was never probable cause to arrest or prosecute, and Defendant

CYF did not disclose the videoed interview for a number of months because the video was wholly exculpatory showing that there was never any probable cause or substantial evidence of abuse. This also demonstrates that there were falsified and contradictory statements were made on Form CY-48 by Defendants. Defendant CYF also had a taped interview of Complainant which show Complainant describing a sex act that is not physically plausible or possible and indicates falsification by Defendants and contradicts the event as described on Form CY-48, and provided definitive exculpatory evidence. Defendant CYF intentionally withheld both of these videotapes till within one week of Plaintiff's appeal hearing. The absence of the videos in Defendant CYF's presentation of evidence at the appeals hearing also further supports Defendant CYF's faulty investigation and process.

41.     Defendants Burgos Lebron and Lewis tried to use meritless propensity evidence. There were two incidents: (1) Plaintiff physically restrained another daughter when she was threatening self-cutting; (2) Plaintiff was the victim of an assault at work when a coworker sexually assaulted Plaintiff. Plaintiff was wholly exonerated of any wrong doing. The first report was again a false report by the children's mother as confirmed by this daughter's inpatient mental health documentation to which Defendants had access. The second report was also a false report by the children's mother. In both circumstances, Complainant's mother's reports were wrong and purposefully skewed but Defendants Burgos Lebron and Lewis nefariously used the reports to buttress their meritless findings instead of questioning the obviously dubious merits of Complainant's mother's involvement.

42.     Defendant Burgos Lebron's responsibilities as a caseworker for Defendant CYF include conducting investigations and providing testimony in judicial and administrative proceedings against individuals who are suspected of child abuse.

43.     Defendant Burgos Lebron in conjunction with her supervisor Defendant Lewis

did not have substantial evidence to investigate and pursue a judicial finding of abuse against Plaintiff. They purposefully ignored psychological testing, medication, Complainant's background, and Complainant's mother's custody and alimony-related motivations for manipulation and fabrication.

44.     Despite such lack of sufficient evidentiary support and despite lack of reasonable cause, Defendants Burgos Lebron and Lewis encouraged, solicited, and otherwise conspired with Complainant's mother, a private citizen, to investigate and pursue a custody case against Plaintiff seeking to modify potential physical custodial rights to Plaintiff in relation to his children, based upon the unfounded, unprovable allegations of abuse.

45.     Defendant Lewis moreover, through actions taken in violation of the standard of care of a licensed professional social worker, improperly accused Plaintiff of the sexual abuse of his daughter, Complainant.

46.     Defendant Burgos Lebron and Lewis acted with gross negligence, recklessly, and in a way that shocks the conscience, by assisting Complainant's mother in the investigation and continuation of a case based upon suspected abuse against Plaintiff when, in fact, they knew or should have known that there was no reasonable cause to find that Plaintiff had abused his daughter.

47.     Defendants Burgos Lebron and Lewis chose to continue the case against Plaintiff despite being aware of a February 19, 2021 forensic psychologist (Dr. Elliot Atkins) and forensic psychiatrist (Dr. Richard Fischbein) reports regarding the ulterior motives and false reporting of Complainant and her mother. There was other voluminous documentation provided which refuted the false accusations as well but these documents were also ignored by Defendants.

48.     On multiple occasions, counsel for Plaintiff requested via counsel for CYF that the case against Plaintiff be withdrawn but the response was that Defendants Burgos Lebron,

Lewis, and CYF wanted to continue with the case because Complainant and her mother wanted to continue with the case. This is not the basis for a finding of substantial evidence and Defendants Burgos Lebron, Lewis, and CYF ignored objective evidence favorable to Plaintiff and twisted evidence that was also favorable to Plaintiff.

49.     On the date of the appeals hearing, the Administrative Law Judge requested sidebar on multiple occasions and opined that the case should be withdrawn. This contributed to CYF counsel recommending withdrawal of the case. But, Defendants Burgos Lebron, Lewis, and CYF were always aware of the dubious merits of the case but held and continued to hold that there was substantial evidence of abuse when, in fact, there was none and there was much evidence of falsehood by Complainant and clear manipulation of Complainant, who suffered from several mental illnesses, was under significant prescription medication, and was clearly not credible.

50.     Despite continuances to ensure availability, Defendants Burgos Lebron and Lewis did not testify at the appeals hearing because they knew that the case against Plaintiff was meritless and there was, thus, no independent basis for determining that there was substantial evidence against Plaintiff.

51.     Defendants Burgos Lebron and Lewis' actions were at all times consistent with, and in accordance with, the custom and policy of Defendants CYF and Chester County.

52.     In the alternative, Defendants Chester County and CYF have failed to train their authorized agents or employees in the proper investigation and administrative actions in support of prosecutions of child abuse with gross negligence or an arbitrariness that shocks the conscience.

## FALLOUT FROM UNSUBSTANTIATED INVESTIGATION
## BY CYF AND ITS EMPLOYEES

53.     The CPSL requires that applicants for jobs in education positions submit "an official clearance statement obtained from the [Department of Public Welfare] within the immediately preceding year as to whether the applicant is named as the perpetrator of an indicated or a founded report[.]" 23 Pa. C.S. § 6355(1).

54.     Plaintiff desired to seek higher career aspirations in education and desires to do so in the future and fears employment-denying subjection to an indicated report of abuse, which specifically states "as a **substantiated or pending perpetrator** of child abuse," without pre-deprivation hearing or post-deprivation hearing at a meaningful time.

55.     As a result of the allegations of child abuse leveled against Plaintiff, Plaintiff had to pursue further legal remedies in order to maintain shared custody of his minor children.

56.     Plaintiff reasonably fears that he will be accused of abuse of his children again in the future inasmuch as he believes the prior accusation to have been made against him in bad faith and without reasonable cause.

57.     Plaintiff expended substantial monies in seeking and obtaining an expungement of his registration as a child abuser on Pennsylvania's ChildLine registry and clearing his name in related judicial proceedings, which cost was approximately $145,000.00.

58.     Plaintiff has suffered humiliation, pain, mental anguish, and embarrassment as a direct and proximate result of the actions of all defendants in this matter.

**FIRST CAUSE OF ACTION – AGAINST DEFENDANTS
SNEAD AND ARKOOSH – INJUNCTIVE RELIEF
- DENIAL OF PROCEDURAL DUE PROCESS UNDER
PENNSYLVANIA *CHILD PROTECTIVE SERVICES LAW*
(FACIAL UNCONSTITUTIONALITY under U.S.
Constitution, Amend. XIV)**

59.     The averments of the preceding paragraphs are incorporated herein by reference as if set forth at length.

60.     Implementation of the CPSL by Defendants Burgos Lebron, Lewis, CYF, Chester County, Snead, and continuing by Arkoosh violate(d) Plaintiff's constitutional right to procedural due process by branding him as a child abuser on the ChildLine registry without pre-deprivation hearing or post-deprivation hearing at a meaningful time in violation of the Fourteenth Amendment to the United States Constitution.

61.     The filing of an indicated report constituted a statement by the Executive Branch of Commonwealth government that "substantial evidence" existed to conclude that Plaintiff was the perpetrator of child abuse—a statement that Plaintiff had no prior opportunity to challenge.

62.     The filing of the indicated report arbitrarily deprived Plaintiff of a liberty right under the Fourteenth Amendment in the unfettered pursuit of employment in the educational field.

63.     The filing of the indicated report arbitrarily deprived Plaintiff of a federal substantive liberty right under the Fourteenth Amendment to participate in the care, custody and control of his children.

64.     Accordingly, Plaintiff suffered "stigma plus" in the form of a libelous accusation of suspected child abuse against him and disabilities in seeking employment in his desired profession and diminished custodial time with his children.

65.     Prospective injunctive relief to prevent further implementation of the "indicated abuse" reporting procedure should be granted to prevent Defendants from subjecting Plaintiff to

further deprivation of liberties and privileges with any subsequent obviously-meritless filings of any indicated abuse reports with the Secretary.

66.     Plaintiff reasonably believes that he will be subjected to additional indicated reports of abuse in the future, because he has three children and their mother has brought highly contentious, ongoing litigation with him concerning their custody in which the issue of abuse, although unproven, continues to impair his custodial rights.

67.     In the alternative, the administrative indicated abuse reporting procedure is an unconstitutional practice that is capable of repetition yet avoiding judicial review, and prospective injunctive relief is necessary.

68.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays this Court to PERMANENTLY ENJOIN Defendant Arkoosh and her predecessor, Secretary of the Pennsylvania Department of Public Welfare, her agents, employees, and any individual acting on her or their behalf or at her or their behest, from registering or otherwise acknowledging to any third-party the name of any individual subject to a report of indicated abuse, and further to award to Plaintiff attorneys' fees, costs of suit and whatsoever other relief as shall be just and equitable.

### SECOND CAUSE OF ACTION- AGAINST DEFENDANTS SNEAD AND ARKOOSH - INJUNCTIVE RELIEF- DENIAL OF PROCEDURAL DUE PROCESS UNDER PENNSYLVANIA CHILD PROTECTIVE SERVICES LAW (UNCONSTITUTIONAL AS APPLIED under U.S. Constitution, Amend. XIV)

69.     The averments of the preceding paragraphs are incorporated herein by reference as if set forth at length.

70.     The past and continuing practice of Defendants Snead and Arkoosh in receiving indicated reports of abuse without affording a procedure by which such reports can be promptly

challenged denies to Plaintiff an opportunity to be heard at a meaningful time.

71.     Expungement proceedings on indicated reports of abuse are customarily not finally resolved for months or years after an indicated report of abuse was or is registered with Defendant Snead or Arkoosh.

72.     In the present case, the expungement process on the report of indicated abuse filed against Plaintiff was not resolved until approximately 5 months after Defendant CYF announced to the Hearing officer that it was discontinuing its opposition to Plaintiff's expungement request, approximately 31 months after the initial registration of Plaintiff as an indicated child abuser.

73.     In Plaintiff's case, final notification of expungement was not confirmed to Plaintiff in writing until he received an email dated February 9, 2023 — approximately 31 months after the initial registration of the indicated report with Defendant Snead.

74.     In the intervening time Plaintiff was subjected to the humiliation, pain, mental anguish, and embarrassment of labeling as a child abuser by Defendant CYF, was denied the opportunity to seek alternative employment in the education field, and was denied the substantive due process right to participate in the care, custody and control of his children.

75.     The fundamental requirement of federal procedural due process is the opportunity to be heard at a meaningful time and in a meaningful manner.

76.     There is also a pending Pennsylvania Commonwealth Court case, A.*W., et al. v. Pennsylvania Department of Human Services*, 396 MD 2022, that seeks to limit the DHS and individual CYF entities from labeling individuals as sexual offenders without any findings and requiring registry without any Due Process.

77.     The regulation, custom, or usage of Defendants Snead and Arkoosh in denying any pre-deprivation hearing and delaying any post-deprivation hearing with order of

expungement until approximately 31 months after Plaintiff's registration on Pennsylvania's central registry as a child abuser violates procedural due process by denying to Plaintiff the substantive liberty interest to participate in the care, custody and control of his children without opportunity for hearing at a meaningful time.

WHEREFORE, Plaintiff prays this Court to PERMANENTLY ENJOIN Defendants Snead and Arkoosh, (former and present) Secretary of the Pennsylvania Department of Public Welfare, her agents, employees, and any individual acting on her or their behalf or at her or their behest, from registering or otherwise acknowledging to any third-party the name of any individual subject to a report of indicated abuse, and further to award attorneys' fees, costs of suit and whatsoever other relief this Court shall deem to be just and equitable.

### THIRD CAUSE OF ACTION – DAMAGES -- AGAINST DEFENDANTS BURGOS LEBRON AND LEWIS; NO REASONABLE CAUSE TO PURSUE INVESTIGATION
#### (U.S. Constitution, Amend. XIV)

78.    The averments of the preceding paragraphs are incorporated herein by reference as if set forth at length.

79.    Defendants Burgos Lebron and Lewis falsely represented to DPW that substantial evidence existed to support an indicated report of abuse when they filed a Form CY-48 with DPW declaring that Plaintiff was an indicated perpetrator of abuse.

80.    Defendant Burgos Lebron acted in concert with Defendant Lewis in the investigation of such baseless claim and the actions leading to the administrative branding of indicated "child abuser" inflicted on Plaintiff.

81.    Defendants Burgos Lebron and Lewis civilly conspired to deprive Plaintiff of his civil rights.

82.    Neither Defendant Burgos Lebron nor Defendant Lewis had reasonable cause to

believe that investigation into the allegation of abuse against Plaintiff was warranted nor that substantial evidence existed to support transmission of an indicated report to DPW for registration against Plaintiff.

83.     Defendant Burgos Lebron and Lewis' investigation and filing, of a Form CY-48 against Plaintiff by these Defendant were undertaken in accordance with the custom, policies and procedures of Defendants CYF and Chester County.

84.     There have been several civil complaints involving Defendants Chester County and CYF wherein there are substantiated claims of improper investigation leading to "indicated" status such as *Kane v. County of Chester*, 12-cv-6649 (Pa.E.D.) and *Chester County Department of Children, Youth, & Families v. Dep't of Human Services*, 1812 C.D. 2017 (Pa. Commonwealth 2018).   There is also a pending Pennsylvania Commonwealth Court case, A.*W., et al. v. Pennsylvania Department of Human Services*, 396 MD 2022, that seeks to limit the DHS and individual CYF entities from labeling individuals as sexual offenders without any findings and requiring registry without any Due Process.   In addition, Defendants' attorneys effectively admitted that Defendant CYF had a policy of continuing an indicated finding even when there was substantial evidence to discount that finding and both Defendants stated, through counsel, that the primary reason for going forward was because Complainant and her mother wanted to do so.

85.     Defendants Burgos Lebron and Lewis had a subjective appreciation of the risk to which Plaintiff was exposed and they acted or failed to act in conscious disregard of such risk.

WHEREFORE, Plaintiff prays this Court, pursuant to 42 U.S.C. §1983, to award damages to him and against Defendants Burgos Lebron and Lewis in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), attorneys' fees, interest, costs and whatsoever other relief as this Court shall deem to be just and equitable.

**FOURTH CAUSE OF ACTION – DAMAGES AGAINST
DEFENDANTS CYF AND CHESTER COUNTY -- POLICY
TO FILE INDICATED REPORTS EVEN WHEN NO
REASONABLE CAUSE TO PURSUE INVESTIGATION;
FAILURE TO TRAIN**
**(U.S. Constitution, Amend. XIV)**

86.     The averments of the preceding paragraphs are incorporated herein by reference as if set forth at length.

87.     Defendants Chester County and CYF maintain a policy or custom under which it requires case workers to file reports of indicated abuse against alleged perpetrators even if there exists evidence to the contrary.

88.     Defendant CYF maintains a policy or custom under which it credits opinion as to the existence of abuse and the perpetrators thereof arising out of professional practices and techniques not generally accepted within the relevant scientific of professional community in a manner that shocks the conscience.

89.     Such policy or custom violated Plaintiff's rights to be free from arbitrary exercise of governmental power, inasmuch as an indicated report must be supported by "substantial evidence."

90.     "Substantial evidence" is evidence that must outweigh inconsistent evidence and which a reasonable person would accept as adequate to support a conclusion.

91.     Defendants CYF and Chester County applied their unconstitutional policy or custom against Plaintiff in reporting him as an indicated perpetrator of abuse without reasonable cause and in violation of Pennsylvania statutory law requiring "substantial evidence."

92.     Defendants CYF and Chester County, through their investigative activities, have denied to Plaintiff his substantive due process rights to the care, custody and control of his children, by causing an indicated report of abuse to be filed with Defendants Snead and/or Arkoosh in the absence of reasonable cause.

93.     Defendant CYF and Chester County acted with gross negligence or an arbitrariness that shocks the conscience.

94.     In addition to the stigma of the false representation to the Secretary of Public Welfare of the existence of substantial evidence that Plaintiff was a perpetrator of child abuse against his daughter, Plaintiff has been subjected to an expensive legal proceeding in which he was obligated to participate, merely because of unilateral, libelous executive action that had been taken against him, to wit, an expungement proceeding.

95.     The expunction procedure under the CPSL does not permit a recovery of legal fees needed to prosecute the expungement request.

96.     Defendants Chester County and CYF, through its authorized agents or employees, Defendants Burgos Lebron and Lewis, continued to pursue under the aegis of a private child custody proceeding, an investigation against Plaintiff by Complainant's mother and materially assisted by Defendants Burgos Lebron and Lewis.

97.     Plaintiff expended in excess of $145,000.00 in legal and expert fees attempting to clear his name from accusations of abuse and to defend his rights to custody.  Even still, when Plaintiff ever applies for a job in education, his field of employment, institutions will have self-disclosure requirements as part of the application process (in addition to a background check). So, although Plaintiff has partially cleared his name, even with expungement, the self-disclosure application clauses will follow Plaintiff forever.  Plaintiff foresees extremely limited career possibilities due to the errant procedures alleged herein.

WHEREFORE, Plaintiff prays this Honorable Court, pursuant to 42 U.S.C. § 1983, to award damages to him and against Defendants Chester County and CYF in an amount in excess of two hundred thousand dollars ($200,000.00), attorneys' fees, interest, costs and whatsoever other relief as this Court shall deem to be just and equitable.

**FIFTH CAUSE OF ACTION – AGAINST ALL**
**DEFENDANTS DECLARATORY RELIEF**
**(28 U.S.C. § 2201 & 42 U.S.C. § 1983)**

98.    The averments of the preceding paragraphs are incorporated herein by reference as if set forth at length.

99.    The CPSL, both facially and as applied to Plaintiff, violated and threatens to continue to violate Plaintiffs' rights under the Fourteenth Amendment to the Constitution of the United States.

WHEREFORE, Plaintiff prays this Honorable Court to DECLARE Pennsylvania's *Child Protective Services Law* FACIALLY UNCONSTITUTIONAL and UNCONSTITUTIONAL AS APPLIED as follows:

a.  Registration of an individual as a child abuser in the records of the Department of Public Welfare without prior hearing VIOLATES the rights to procedural due process guaranteed under the Fourteenth Amendments to the Constitution of the United States; and

b.  Registration of an individual as a child abuser in the records of the Department of Public Welfare without guarantee of a post-deprivation hearing at a meaningful time VIOLATES the rights to procedural due process guaranteed under the Fourteenth Amendments to the Constitution of the United States.

AND FURTHER, Plaintiff prays this Court to award to him attorney's fees, costs of suit and whatsoever other relief as shall be just and equitable.

**SIXTH CAUSE OF ACTION – STATE MALICIOUS**
**PROSECUTION AGAINST DEFENDANTS BURGOS-**
**LEBRON AND LEWIS**
**(Supplemental Jurisdiction)**

100.    The averments of the preceding paragraphs are incorporated herein by reference as if set forth at length.

101.    The administrative procedures against Plaintiff were initiated without probable cause and in bad faith by Defendants Burgos-Lebron and Lewis.

102.    All issues resolved in Plaintiff's favor.

WHEREFORE, Plaintiff prays this Honorable Court to grant in favor of Plaintiff and against nominal damages, compensatory damages at least in the amount of two hundred thousand dollars ($200,000.00), punitive damages, interest at the maximum allowable rate, costs of suit and whatsoever other relief as shall be just and equitable.

Respectfully submitted,

**O'HANLON SCHWARTZ, P.C.**

STEPHEN T. O'HANLON, ESQUIRE

DATE:  January 11, 2024

**O'HANLON SCHWARTZ, P.C.**
BY:     Stephen T. O'Hanlon, Esquire (PA Bar # 208428)
        Israel A. Schwartz, Esq. (PA Bar # 327623)
2 Penn Center, Suite 1410,
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel:  (267) 546-9066
Fax: (215) 563-6617
steve@ohanlonschwartz.com
izzy@ohanlonschwartz.com
Attorneys for Plaintif