IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| G.A., an adult individual,<br><br>      *Plaintiff*,<br>v.<br><br>**ALEXA BURGOS LEBRON**<br>**Individually in her personal capacity**<br>**And in her official capacity as an agent**<br>**or employee of the Chester County**<br>**Department of Children, Youth, and**<br>**Families**<br><br>-and-<br><br>**RACHEL LEWIS**<br>**Individually in her personal capacity**<br>**And in her official capacity as an agent**<br>**or supervisor**<br>**or employee of the Chester County**<br>**Department of Children, Youth, and**<br>**Families**<br><br>-and-<br><br>**CHESTER COUNTY DEPARTMENT OF**<br>**CHILDREN, YOUTH, AND FAMILIES**<br><br>-and-<br><br>**CHESTER COUNTY,**<br>      *Defendants*. | CIVIL ACTION<br><br>NO. 24-141<br><br>**JURY TRIAL DEMANDED** |

**SUBSTANTIVE DUE PROCESS AND RIGHT TO CAREER ADVANCEMENT IN LEGITIMATE WORK AND STIGMA PLUS**

  1. Substantive Due Process refers to more than property rights in land. Instead, property and liberty rights/interests relate to a right to pursue a lawful occupation. David E. Bernstein, *The Due Process Right to Pursue a Lawful Occupation*,

YALE L. J, Vol. 126 (2016).  This stems from the right to work.  *Truax v. Raich*, 239 U.S. 33, 41 (1915); *Barsky v. Bd. of Regents of Univ.*, 347 U.S. 442, 472 (1954)(Douglas, J., dissenting)

    2.    Case law often intermingles Substantive Due Process and Procedural Due Process in a stigma plus context and the protectable interest in reputation.  *Shutt v. Miller*, 724 Fed. Appx. 112; *Hill v. Borough of Kutztown*, 455 F.3d 225, 235-239 (3d Cir. 2006); *Jane Doe v. Timothy White, et al.*, 19-4923 (S.Ct. 2022); *Ristow v. Hansen, et al*, 17-5021 (5th Cir. 2018); *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971).

    3.    Stigma Plus applies in this case via a Substantive Due Process property-related right and liberty to work and pursue a lawful occupation.  Plaintiff has alleged and substantiated same.  Stigma plus, including being placed on a sexual offender register, applies and there are articulated hindering of career advancement damages.

    4.    To the extent that the Court believes that stigma plus applies via Procedural Due Process only or a combination between Procedural Due Process and Substantive Due Process, Plaintiff respectfully requests that he be permitted to withdraw his assertion that he is only proceeding under Substantive Due Process only and Plaintiff respectfully requests a charge related to one or both in the following form:

> Dr. Althouse claims that he was damaged because Defendants Burgos-Lebron and Lewis filed an unjustified indicated report of sexual abuse and this adversely affected Dr. Althouse's reputation, including leading to him being placed on a sex offender register. Dr. Althouse claims that this adversely affected his right to pursue legitimate career advancement.  Defendants deny this claim.  If you find that Defendants' actions in this context constitute deliberate indifference or shock the conscience, then you should find in favor of Plaintiff.  If you do not find this, then you should find in favor of Defendants.

Respectfully submitted,

_____
STEPHEN T. O'HANLON, ESQUIRE

**O'HANLON SCHWARTZ, P.C.**
BY:  Stephen T. O'Hanlon, Esquire
PA Bar 208428
2 Penn Center, Suite 1410
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel:  (267) 546-9066
Fax: (215) 563-6617
steve@ohanlonschwartz.com
*Attorneys for Plaintiff*

3